IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALIK ABDUL-RAHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2365-M-BN |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, until judgment is entered in this case. *See* Dkt. No. 6. Because Plaintiff is proceeding *in forma pauperis*, his complaint is before the undersigned United States Magistrate Judge for screening under 28 U.S.C. § 1915(e)(2)(B). And, for the reasons stated below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On July 1, 2014, Plaintiff Malik Abdul-Rahman filed a cryptic, handwritten complaint against Bank of America. *See* Dkt. No. 3. After being granted leave to proceed *in forma pauperis*, *see* Dkt. Nos. 5 & 6, the undersigned issued a questionnaire [Dkt. No. 7] to Plaintiff on September 2, 2014.

Plaintiff was instructed that the failure to return the completed questionnaire by September 23, 2014 may result in dismissal of the complaint for failure to prosecute

under Federal Rule of Civil Procedure 41(b). *See* Dkt. No. 7. To date, Plaintiff has failed to respond to the questionnaire or otherwise contact the Court.

## Legal Standards

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

The Court sent the written questionnaire to Plaintiff more than one month ago. Plaintiff's deadline to respond to the questionnaire passed two weeks ago without Plaintiff submitting answers or otherwise contacting the Court – despite the warning that his failure to do so may result in the dismissal of his case.

Especially because Plaintiff's single-page complaint provides so little insight into his claim or claims – and why a federal court would have jurisdiction over such claims – the Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued. The

inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested. Dismissal is warranted under these circumstances. *See Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

## Recommendation

This case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). But if Plaintiff fully responds to the Magistrate Judge's Questionnaire within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE